IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOTE MEDICAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-896 (MN) |
| | ) |
| GARY S. DONOVITZ, M.D., | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Richard P. Rollo, Travis S. Hunter, Gabriela Z. Monasterio, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Alan A. Loewinsohn, Kerry Schonwald, MCKOOL SMITH, PC, Dallas, TX – Attorneys for Plaintiff

Brian A. Sullivan, WERB & SULLIVAN, Wilmington, DE; Charles J. Brown, III, GELLERT SEITZ BUSENKELL & BROWN, Wilmington, DE – Attorneys for Defendant

October 23, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court is Plaintiff BioTE Medical, LLC's ("Plaintiff" or "BioTE") motion to remand this case back to the Delaware Court of Chancery following removal to this Court by Defendant Gary S. Donovitz ("Defendant" or "Donovitz"). (D.I. 9). For the reasons set forth below, the Court will GRANT the motion.

## I. BACKGROUND

Donovitz is the founder of BioTE. (D.I. 1, Ex. A ¶ 2). In 2021, he executed an agreement to sell the company. (*Id*. ¶ 3). After the sale closed in May 2022, Donovitz sued to unwind the action in a series of litigations across the country. (*Id*.). On April 23, 2024, BioTE and Donovitz executed a global settlement that had the effect of terminating at least 5 pending litigations between the parties in Texas and Delaware courts ("the Settlement Agreement"). (D.I. 11, Ex. C). Relevant here and discussed in greater depth below, the Settlement Agreement contains a dispute resolution provision ("the Forum Selection Clause"). (*Id*. § 18).

Apparently, the Settlement Agreement did not cool the bad blood between the parties. On December 13, 2024, Donovitz filed a complaint in Texas state court alleging that BioTE improperly used Donovitz' name, image, and likeness on BioTE's website ("the Texas Action"). *See Donovitz v. BioTE Med., LLC*, No. DC-24-21607 (Tex.). The next day, BioTE submitted the dispute to former Chancellor William B. Chandler III ("the Arbitrator") pursuant to the dispute resolution clause of the Settlement Agreement. (D.I. 10 at 3; D.I. 11, Ex. C § 18). BioTE sought to enjoin Donovitz from prosecuting the Texas Action. (D.I. 8 ¶ 8). After the Arbitrator informed BioTE that he lacked the authority to issue such an injunction, BioTE filed suit in the Delaware Court of Chancery on December 17, 2024 ("the Chancery Court Action"). *See BioTE Med., LLC v. Donovitz*, No. 2024-1304 (JTL) (Del. Ch.). The parties litigated a series of motions across the

1

two venues, culminating with the Chancery Court granting a temporary restraining order prohibiting Donovitz from proceeding in the Texas Action on July 11, 2025. (D.I 10 at 4-7; D.I. 12 at 3-6).

On July 18, 2025, Donovitz filed a Notice of Removal, seeking to transfer the Chancery Court Action to this Court. (D.I. 1). The proffered grounds for removal were federal question jurisdiction under 28 U.S.C. § 1331 for violations of the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983. (*Id.* at 6-8). Five days later, on July 23, 2025, Donovitz filed an Amended Notice of Removal. (D.I. 8). In it, he refined his rationale for removal, this time explaining that the Chancery Court's order restraining the Texas Action implicates the Full Faith and Credit Clause of the Constitution, Art. IV § 1, as well the Fifth and Fourteenth Amendments. (*Id.* at 6-8). BioTE moved to remand the action back to the Chancery Court the following week. (D.I. 9). Briefing on the motion was completed on August 21, 2025. (D.I. 10, 12, 14). The Court now addresses the motion.

II.  **LEGAL STANDARDS**

   A.  **Removal**

When a plaintiff sues in state court, the defendant may remove the case to federal court within thirty days of service of the complaint. *See* 28 U.S.C. §§ 1441(a), 1446(b). However, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Home Depot USA, Inc. v. Jackson*, 587 U.S. 435, 438 (2019). Thus, "[i]n order for a case to be removable to the district court, the Court must have original jurisdiction by either a federal question or diversity of citizenship." *Owens v. Smalls*, No. 19-384 (LPS), 2019 WL 2526726, at *2 (D. Del. June 19, 2019); 28 U.S.C. §§ 1331, 1332, 1441.

Federal subject matter jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (emphasis and citation omitted). This is known as the "well-pleaded complaint rule." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Alternatively, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). If neither is the case, "then removal under 28 U.S.C. § 1441 is improper and remand [back to the state court] is appropriate." *Owens*, 2019 WL 2526726, at *2.

B. **Remand**

"[A] plaintiff may challenge [a defendant's] removal by moving to remand the case back to state court." *Sanyo Elec. Co., Ltd v. Intel Corp.*, No. 18-1709 (RGA), 2019 WL 1650067, at *3 (D. Del. Apr. 17, 2019). This may be done "at any time before final judgment [if] it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229 (2007). "A party asserting federal jurisdiction in a removal case bears the burden of showing that the case is properly before the federal court." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (internal quotation marks omitted). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). In determining whether to remand, the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (citation omitted).

3

**III.    DISCUSSION**

When Donovitz and BioTE settled their previous disputes in April 2024, they did so under the agreement that any future issues would be litigated pursuant to a highly specific forum selection clause.  (D.I. 11, Ex. C § 18).  Section 18 of the Settlement Agreement stipulates that:

> The Parties agree that [(1)] William B. Chandler III will retain exclusive jurisdiction over all controversies, disputes or claims arising from or relating to this Agreement, or breach of it. . . . If William B. Chandler III is unavailable . . . the Parties agree that [(2)] any and all controversies, disputes or claims arising from or relating to this Agreement, or breach of it, ***shall be brought exclusively in the Court of Chancery*** of the State of Delaware or, if the Court of Chancery does not have subject matter jurisdiction over the matter, [(3)] the Superior Court of the State of Delaware's Complex Commercial Litigation Division ('CCLD') or, if jurisdiction over the matter is vested exclusively in the federal courts, [(4)] the United States District Court of the District of Delaware, and ***each of the Parties hereby irrevocably consents to the jurisdiction of such court*** . . . ***and irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have*** . . .

(*Id.*) (emphasis added).

The forum selection clause sets out a four-step progression of where suit should take place.  The first stop is arbitration before the Arbitrator, former Chancellor Chandler.  (*Id.*).  If he "is unavailable," then suit "shall be brought exclusively in the Court of Chancery."  (*Id.*).  If the Chancery Court lacks jurisdiction – and *only* if it lacks jurisdiction – then the proper forum is Delaware Superior Court.  (*Id.*).  Only after all of that, and on the condition that "jurisdiction over the matter is vested exclusively in the federal courts," can the dispute come to this Court.  (*Id.*).  Importantly, the clause provides that "each of the Parties hereby irrevocably consents" to this arrangement and "irrevocably waives, to the fullest extent permitted by law, any objection."  (*Id.*).

Donovitz does not contend that the Chancery Court lacks jurisdiction over BioTE's claims, or that he subsequently attempted to sue in Delaware Superior Court.  *See Noramco LLC v.*

4

*Dishman USA, Inc.*, No. 21-1696 (WCB), 2022 WL 2817876, at *5 (D. Del. July 19, 2022) ("[The answering party's] failure to respond to those arguments in its brief constitutes a concession."). Nor does he challenge the enforceability of the Settlement Agreement or the forum selection clause. His only argument is that the Chancery Court's injunction halting the Texas Action presents a federal question due to the purported violation of the Full Faith and Credit Clause and the Fifth and Fourteenth Amendments. (D.I. 12 at 8-13).

For one, the Supreme Court has held that "the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action." *Thompson v. Thompson*, 484 U.S. 174, 182 (1988). Courts in this District have similarly ruled that a "notice of removal's invocation of the full faith and credit clause to resolve discrepancies between rulings from the state courts of [other states] and Delaware does not provide an independent basis of federal jurisdiction." *Branson v. Mestre*, No. No. 17-207 (SRF), 2017 WL 2615749, at *5-6 (D. Del. June 16, 2017) ("Invocation of the full faith and credit clause does not constitute a claim arising under the Constitution for purposes of 28 U.S.C. §§ 1331 or 1441 . . . [and] does not preclude the court from remanding the present action to the Court of Chancery.").

Even if that were not the case, Donovitz waived his right to remove. Pursuant to the forum selection clause of the Settlement Agreement, Donovitz "irrevocably consent[ed] to the jurisdiction of [each] court" enumerated in the clause, and "irrevocably waive[d], to the fullest extent permitted by law, any objection" to venue there. (D.I. 11, Ex. C § 18). Other courts in this District have evaluated similarly broad forum selection clauses and found such language "to convey that the parties intended to waive their right to remove to federal court." *Tkach v. RumbleOn, Inc.*, No. 22-710 (RGA), 2022 WL 4378826, at *3 (D. Del. Sept. 22, 2022); *Karch v. C&D Techs., Inc.*, No. 23-71 (GBW), 2023 WL 4456773, at *2-3 (D. Del. July 11, 2023)

("[T]he plain and ordinary meaning of ['irrevocably waives'] amounts to a waiver of the right to remove.") (citation modified). As one court observed, "it would seem odd for parties who 'irrevocably consent' to sue one another (if at all) in Delaware federal *or* state court to also agree that they can challenge (by way of removal) each others' decision to file in Delaware state court." *InterDigital, Inc. v. Wistron Corp.*, No. 15-478 (LPS), 2015 WL 4537133, at *1 (D. Del. June 18, 2015).

The upshot is that "[t]he language of the clause contemplates that neither party may raise an objection to the plaintiff's chosen forum so long as the action is filed in [the right court in] Delaware [and it has jurisdiction]. As such, defendant is bound by plaintiff's choice of forum." *E.I. Du Pont de Nemours & Co. v. Quality Carriers, Inc.*, No. 10-534 (SLR), 2011 WL 776211, at *3 (D. Del. Feb. 28, 2011); *Carlyle Inv. Mgmt., L.L.C. v. Carlyle Cap. Corp.*, 800 F. Supp. 2d 639, 645 (D. Del. 2011) ("[Defendants] waived their right to object to plaintiffs' choice of forum or to remove the litigation from plaintiffs' chosen forum."). Put differently, "[Defendant] agreed to go to, and stay in, the forum chosen by [Plaintiff]." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 (3d Cir. 1991).

"Accordingly, once [Plaintiff] selected the Court of Chancery as the venue to litigate its Complaint, Defendant[] waived [his] right to object – by removal or otherwise – to that venue." *Presidio, Inc. v. Closson*, No. 22-494 (CFC), 2022 WL 17846561, at *1 (D. Del. Dec. 22, 2022). As a result, the Court will grant BioTE's motion to remand.

### C.  Fees

BioTE also moves for fees. (D.I. 10 at 19). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Nevertheless, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

6

removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Although Donovitz's removal was ultimately not meritorious here, neither did it wholly lack an objectively reasonable basis. *See Delaware v. BP Am. Inc.*, 578 F. Supp. 3d 618, 641 (D. Del.), *aff'd*, 45 F.4th 699 (3d Cir. 2022). Accordingly, BioTE's motion for fees is denied.

## IV.    CONCLUSION

For the foregoing reasons, BioTE's motion to remand this action to the Delaware Court of Chancery (D.I. 9) is GRANTED and its motion for fees is DENIED. An appropriate order will follow.